LAWRENCE G. WASDEN
IDAHO ATTORNEY GENERAL

Donald L. Howell, II (ISB #3366)
Kristine A. Sasser (ISB # 6618)
Deputy Attorneys General
472 W. Washington Street
Boise, Idaho  83702-5918
Telephone:  (208) 334-0312
Facsimile:    (208) 334-3762
E-mail:   don.howell@puc.idaho.gov
               kris.sasser@puc.idaho.gov

Michael S. Gilmore (ISB # 1625)
Deputy Attorney General, Civil Litigation Division
Office of the Attorney General
Statehouse Room 210
Boise, Idaho  83720-0010
Telephone:  (208) 334-4130
Facsimile:  (208) 854-8073
E-mail:   mike.gilmore@ag.idaho.gov

John P. Coyle (*pro hac vice*)
Special Deputy Attorney General
Duncan & Allen
1575 Eye Street, N.W., Suite 300
Washington, D.C.  20005-1175
Telephone:  (202) 289-8400
Facsimile:  (202) 289-8450
E-mail:   jpc@duncanallen.com

Attorneys for Defendant

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| **FEDERAL ENERGY REGULATORY COMMISSION,** | ) ) ) | **CASE NO.  1:13-cv-141-EJL-REB** |
| **Plaintiff,** | ) ) | |
| **vs.** | ) ) ) | **ANSWER, DEFENSES AND COUNTERCLAIM OF DEFENDANT IDAHO PUBLIC UTILITIES COMMISSION** |
| **IDAHO PUBLIC UTILITIES COMMISSION,** | ) ) | |
| **Defendant.** | ) ) | |

ANSWER, DEFENSES AND
COUNTERCLAIM OF DEFENDANT             1

Defendant Idaho Public Utilities Commission ("Idaho Commission"), by and through its undersigned counsel and pursuant to Rules 8, 9 and 12 of the Federal Rules of Civil Procedure, states as follows for its Answer and Defenses to the Complaint of Plaintiff Federal Energy Regulatory Commission ("FERC").

## I. ANSWER

1.      Paragraph 1 contains legal conclusions, not allegations of fact.   The Idaho Commission does not dispute that the FERC's Complaint invokes the authority of Section 210(h) of the Public Utility Regulatory Policies Act of 1978 (16 U.S.C. §§ 824a-3, 2601-2645) ("PURPA") (16 U.S.C. § 824a-3(h)), and otherwise denies the legal conclusions of Paragraph 1 of the Complaint.

2.      The Idaho Commission admits to having issued Order Nos. 32131, 32176, 32255, 32257, 32299, 32635 and 32664 referenced in the Complaint.  The Idaho Commission's orders and the FERC's orders discussed in the Complaint speak for themselves and the Complaint's characterization of those orders therefore does not require further response from the Idaho Commission.  To the extent that any response is required, the allegations of Paragraph 2 not specifically admitted in the first sentence of this paragraph are denied.  The FERC's orders do not contain any evidentiary findings but consist of legal conclusions or characterizations, and the enforcement authority conferred by PURPA Section 210(h) is vested in the United States district courts, not in the FERC.

3.      Paragraph 3 contains legal conclusions, not allegations of fact.   The Idaho Commission admits that Section 210(a) of PURPA (16 U.S.C. § 824a-3(a)) requires the FERC to "prescribe, and from time to time thereafter revise, such rules as it determines necessary to

ANSWER, DEFENSES AND
COUNTERCLAIM OF DEFENDANT          2

encourage . . . small power production . . .," and otherwise denies the legal conclusions of Paragraph 3 of the Complaint.

4.     The allegations of Paragraph 4 are legal argument to which no response is required.  To the extent that any response is required, the Idaho Commission invites the Court's attention to the actual text of the referenced statutes, and denies the allegations of Paragraph 4.

5.     The Idaho Commission lacks information sufficient to form a belief as to the actual number of "owners" or the legal relationships among the various "owners" of wind power projects referenced in Paragraph 5.  The Idaho Commission admits that several developers of wind projects, whose proposed purchase power agreements were denied approval by the Idaho Commission due to inconsistency with the Idaho Commission's duly established criteria for eligibility for the type of rates proposed in those proposed agreements, have petitioned the FERC for authorization to seek relief under PURPA Section 210(h).  The Idaho Commission further admits that one or more of these developers may, at one time or another, have self-certified as Qualifying Facilities ("QFs") under FERC's regulations.   The Idaho Commission lacks knowledge or information sufficient to form a belief concerning whether or not any or all of the QF self-certifications by the various developers that sought Section 210(h) relief from the FERC were valid, and therefore denies any allegation to that effect.

6.     The Idaho Commission admits that FERC has issued various orders asserting that the Idaho Commission has acted inconsistently with FERC's PURPA regulations in declining to approve proposed power purchase agreements between wind projects and electric utilities regulated by the Idaho Commission because those proposed agreements contained rates inconsistent with the Idaho Commission's PURPA regulations.   Those orders speak for themselves, allegations as to their content therefore do not require a response from the Idaho

ANSWER, DEFENSES AND
COUNTERCLAIM OF DEFENDANT          3

Commission, and allegations as to their legal effect and conclusions are denied.  The FERC's declaratory orders referenced in Paragraph 6 of the Complaint do not fix the rights of the parties, but instead merely advise the parties of the FERC's position, much like a memorandum of law prepared by the FERC staff in anticipation of a possible enforcement action except that the FERC itself formally used the document as its own statement of position.

7.      The Idaho Commission admits that the FERC announced its intention to initiate this proceeding in its orders in *Murphy Flat Wind Power, LLC*, 141 FERC ¶ 61,145 at P 23 (2012) and *Grouse Creek Wind Park, LLC*, 142 FERC ¶ 61, 187 at P 35 (2013).  The Idaho Commission lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 7 of the Complaint, and therefore denies those allegations.

8.      Denied.

9.      FERC's prayer for relief speaks for itself and does not require a response from the Idaho Commission.  To the extent that a response is required, the Idaho Commission denies the allegations of Paragraph 9 of the Complaint.

## JURISDICTION AND VENUE

10.     The allegations of Paragraph 10 are denied.  The Court lacks jurisdiction over this proceeding because, *inter alia*, the jurisdiction of the federal district courts does not extend to actions against a State or its agencies in the circumstances presented in FERC's Complaint, and because this proceeding is not in fact "an action against the State regulatory authority . . . for failure to comply with the requirements" of PURPA Section 210(f), which is the only arguable basis for district court jurisdiction under PURPA Section 210(h)(2)(A).

ANSWER, DEFENSES AND
COUNTERCLAIM OF DEFENDANT          4

11.     The Idaho Commission admits that venue is proper in this judicial district because the Idaho Commission is located in this district and takes its official actions within this district, and otherwise denies the allegations of Paragraph 11.

## PARTIES

12.     Paragraph 12 contains legal conclusions, not allegations of fact.  The Idaho Commission admits that FERC is authorized to issue regulations under PURPA by PURPA Section 210(a) (16 U.S.C. § 824a-3(a)) and to petition the district courts of the United States for enforcement pursuant to PURPA Section 210(h).  The legal conclusions of Paragraph 12 are otherwise denied.

13.     The Idaho Commission admits that it is the agency of the State of Idaho having, *inter alia*, ratemaking jurisdiction over the sale of electricity at retail by regulated electric corporations within the State of Idaho (*Idaho Code* §§ 61-119, 61-129).  The Idaho Commission also admits that it has certain rights and responsibilities under PURPA Section 210(f) (16 U.S.C. § 824a-3(f)).  The characterization of those rights and responsibilities in Paragraph 13 of the Complaint is incomplete, and is therefore denied to the extent that Paragraph 13 implies that it is a complete description of the Idaho Commission's authority.

## STATUTES AND REGULATIONS

14.     Paragraph 14 of the Complaint consists of legal conclusions or arguments that do not require a response from the Idaho Commission.  To the extent a response is required, the allegations of Paragraph 14 are denied.

15.     Paragraph 15 contains legal conclusions, not allegations of fact.  The statutory provisions and regulations referenced in Paragraph 15 of the Complaint speak for themselves and are themselves the best evidence of their content.  Therefore, no response by the Idaho

ANSWER, DEFENSES AND
COUNTERCLAIM OF DEFENDANT            5

Commission is required to the allegations of Paragraph 15 of the Complaint.  To the extent a response is required, the allegations of Paragraph 15 are denied.

16.     Paragraph 16 of the Complaint is legal argument that does not require a response from the Idaho Commission.  To the extent a response is required, the allegations of Paragraph 16 are denied.

17.     Paragraph 17 contains legal conclusions, not allegations of fact.  PURPA Section 210(a)(1) (16 U.S.C. § 824a-3(a)(1)) speaks for itself as to its requirements, and the allegations of Paragraph 17 of the Complaint therefore do not require a response from the Idaho Commission.  To the extent a response is required, the allegations of Paragraph 17 are denied.

18.     Paragraph 18 of the Complaint is legal argument that does not require a response from the Idaho Commission.  To the extent that a response is required, the characterization of the statute and regulations set forth in Paragraph 18 of the Complaint is incomplete, and therefore misleading, and the Idaho Commission therefore denies the allegations of Paragraph 18.

19.     Paragraph 19 of the Complaint is legal argument that does not require a response from the Idaho Commission.  To the extent that a response is required, the characterization of the regulations referenced in Paragraph 19 of the Complaint is incomplete, and therefore misleading, and the Idaho Commission therefore denies the allegations of Paragraph 19.

20.     Paragraph 20 of the Complaint is legal argument that does not require a response from the Idaho Commission.  To the extent that a response is required, the characterization of the regulations referenced in Paragraph 20 of the Complaint is incomplete, and therefore misleading, and the Idaho Commission therefore denies the allegations of Paragraph 20.

21.     Paragraph 21 of the Complaint is legal argument that does not require a response from the Idaho Commission.  To the extent that a response is required, the regulations referenced

ANSWER, DEFENSES AND
COUNTERCLAIM OF DEFENDANT          6

in Paragraph 21 of the Complaint speak for themselves, the characterization of those regulations in Paragraph 21 is incomplete and therefore misleading, and the Idaho Commission therefore denies the allegations of Paragraph 21.

22.     Paragraph 22 of the Complaint is legal argument that does not require a response from the Idaho Commission.  To the extent that a response is required, the statute referenced in Paragraph 22 of the Complaint speaks for itself, the characterization of the statute referenced in Paragraph 22 is incomplete and therefore misleading, and the Idaho Commission therefore denies the allegations of Paragraph 22.

23.     Paragraph 23 of the Complaint is legal argument that does not require a response from the Idaho Commission.  To the extent that a response is required, the statute referenced in Paragraph 23 of the Complaint speaks for itself, the characterization of the statute referenced in Paragraph 23 is incomplete and therefore misleading, and the Idaho Commission therefore denies the allegations of Paragraph 23.

24.     Paragraph 24 of the Complaint is legal argument that does not require a response from the Idaho Commission.  To the extent that a response is required, the statute referenced in Paragraph 24 of the Complaint speaks for itself, the characterization of the statute referenced in Paragraph 24 is incomplete and therefore misleading, and the Idaho Commission therefore denies the allegations of Paragraph 24.

25.     Paragraph 25 of the Complaint is legal argument that does not require a response from the Idaho Commission.  To the extent that a response is required, the statutes referenced in Paragraph 25 of the Complaint speak for themselves, the characterization of the statutes referenced in Paragraph 25 is incomplete and therefore misleading, and the Idaho Commission therefore denies the allegations of Paragraph 25.

26.     Paragraph 26 of the Complaint is legal argument that does not require a response from the Idaho Commission.  To the extent that a response is required, the statute referenced in Paragraph 26 of the Complaint speaks for itself, the characterization of the statute referenced in Paragraph 26 is incomplete and therefore misleading, and the Idaho Commission therefore denies the allegations of Paragraph 26.

**FERC'S FACTUAL ALLEGATIONS**

27.     The Idaho Commission admits that the FERC's Complaint concerns orders issued by the Idaho Commission in proceedings before the Idaho Commission, and otherwise denies the allegations of Paragraph 27 of the Complaint.

**IDAHO COMMISSION PROCEEDINGS**

28.     The Idaho Commission admits that, on November 5, 2010, Idaho Power Company, Avista Corporation and PacifiCorp dba Rocky Mountain Power filed a joint petition with the Idaho Commission that was docketed as Case No. GNR-E-10-04, and that further proceedings were had as reflected in the record and the Idaho Commission's orders in that docket.  The characterization of the petition set forth in Paragraph 28 of the Complaint is otherwise incomplete, and therefore misleading, and the Idaho Commission denies the remaining allegations of Paragraph 28.

29.     The Idaho Commission admits that it issued Order No. 32131 in Case No. GNR-E-10-04 on December 3, 2010[1], which order speaks for itself, and otherwise denies the allegations of Paragraph 29.

---

[1] *In the Matter of the Joint Petition of Idaho Power Company, Avista Corporation, and PacifiCorp dba Rocky Mountain Power to Address Avoided Cost Issues and to Adjust the Published Avoided Cost Rate Eligibility Cap*, Order No. 32131, 2010 WL 4948925 (PUC).

ANSWER, DEFENSES AND
COUNTERCLAIM OF DEFENDANT          8

30.     The Idaho Commission admits that it issued Order No. 32176 in Case No. GNR-E-10-04 on February 7, 2011[2], which order speaks for itself, and otherwise denies the allegations of Paragraph 30.

31.     The allegations of Paragraph 31 are denied as to Murphy Flat Power, LLC, which was not formed until April 27, 2012, and could not have participated in such negotiations.  The Idaho Commission lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 31 with respect to the nature of the negotiations pursued by the other Murphy Flat entities identified therein or by the Grouse Creek entities, but admits that negotiations occurred.  The Idaho Commission admits that five power purchase agreements were signed by representatives of the three Murphy Flat projects and the two Grouse Creek project.

32.     The Idaho Commission admits that it issued various orders on June 8, 2011, specifically including Order No. 32255 as to the three Murphy Flat projects, and Order No. 32257 as to the two Grouse Creek projects.  The orders speak for themselves, and the allegations of Paragraph 32 are otherwise denied.

33.     The Idaho Commission admits that it issued various orders on June 8, 2011, specifically including Order No. 32255 as to the three Murphy Flat projects, and Order No. 32257 as to the two Grouse Creek projects.  The orders speak for themselves, and the allegations of Paragraph 32 are otherwise denied.

### FERC'S ALLEGATIONS CONCERNING MURPHY FLAT

34.     The Idaho Commission admits that, according to the record in the proceedings before the Idaho Commission concerning the three Murphy Flat projects that are the subject of the Complaint (Case Nos. IPC-E-10-56, IPC-E-10-57 and IPC-E-10-58), one or more

---

[2] *In the Matter of the Joint Petition of Idaho Power Company, Avista Corporation, and PacifiCorp dba Rocky Mountain Power to Address Avoided Cost Issues and to Adjust the Published Avoided Cost Rate Eligibility Cap*, Order No. 32176, 2011 WL 490884 (PUC).

ANSWER, DEFENSES AND
COUNTERCLAIM OF DEFENDANT            9

representatives of the Murphy Flat projects engaged in negotiations with Idaho Power Company in November and December 2010.  The Idaho Commission otherwise denies the allegations of Paragraph 34.

35.     The Idaho Commission admits that, according to the record in the proceedings before the Idaho Commission, a representative of the Murphy Flat projects signed the three power purchase agreements on December 13, 2010, and a representative of the Idaho Power Company executed the referenced agreement on December 15, 2010.  The Idaho Commission lacks knowledge sufficient to form a belief as to which Murphy Flat entities executed the agreements or whether the same entities appeared before the Idaho Commission during the 2011 proceedings as during the 2012 proceedings.  Therefore, the Idaho Commission denies the remaining allegations of Paragraph 35.

36.     The allegations of Paragraph 36 are conclusions of law, as to which no response by the Idaho Commission is required.  To the extent that a response is required, the Idaho Commission states that the documents referenced in Paragraph 36 speak for themselves as to their terms and contents, and denies the allegations of Paragraph 36.

37.     The Idaho Commission admits that, on December 16, 2010, Idaho Power Company submitted the three agreements referenced in Paragraph 37 for the Idaho Commission's acceptance or rejection, as required by law, and otherwise denies the allegations of Paragraph 37.

38.     The allegations of Paragraph 38 are legal arguments that do not require a response from the Idaho Commission.  To the extent that a response is required, the Idaho Commission states that its Order No. 32255 in reference to the three Murphy Flat projects speaks for itself, and denies any allegation inconsistent with said order.

ANSWER, DEFENSES AND
COUNTERCLAIM OF DEFENDANT          10

39.     The Idaho Commission admits that on August 16, 2012, an entity calling itself Murphy Flat Power, LLC as an assignee of the three Murphy Flat projects and which had not previously appeared before it, petitioned the Idaho Commission in the names of the three projects to "modify" Order No. 32255 by accepting the three previously rejected power purchase agreements, and otherwise denies the allegations of Paragraph 39.

40.     The Idaho Commission admits that it issued Order No. 32664 on October 12, 2012[3] (PUC Exhibit 1 hereto) referenced in Paragraph 40 and avers that the order speaks for itself.   The characterization of the Idaho Commission's Order No. 32664 is incomplete and misleading, and the Idaho Commission denies the allegations of Paragraph 40.   The Idaho Commission invites the Court's attention to Order No. 32664 (PUC Exhibit 1) itself for explanation of the deficiencies that caused the rejection of the August 16, 2012 petition.

## **FERC'S ALLEGATIONS CONCERNING GROUSE CREEK**

41.     The Idaho Commission admits that representatives of Grouse Creek Wind Park, LLC and Grouse Creek Wind Park II, LLC engaged in negotiations with Idaho Power Company, and otherwise denies the allegations of Paragraph 41.

42.     The Idaho Commission admits that each Grouse Creek project filed a complaint against Idaho Power Company with the Idaho Commission on November 8, 2010.   At the request of the Grouse Creek projects, the complaints were never served and were never processed by the Idaho Commission.   The complaints speak for themselves, and the Idaho Commission otherwise denies the allegations in Paragraph 42.

---

[3] *In the Matter of the Petition of Murphy Flat Mesa, Murphy Flat Energy and Murphy Flat Wind [(Consolidated)] to Modify Order No. 32255 and Approve a [Power Purchase] Agreement Entered Into Between [Themselves] and Idaho Power Company*, Order No. 32664, Case Nos. IPC-E-10-56, IPC-E-10-57, IPC-E-10-58, 2012 WL 4953527 (PUC).

ANSWER, DEFENSES AND
COUNTERCLAIM OF DEFENDANT          11

43.     The Idaho Commission admits that, according to the record in Case Nos. IPC-E-10-61 and IPC-E-10-62, a representative of the two Grouse Creek projects signed each power purchase agreement on December 20, 2010, and that a representative of Idaho Power Company signed each agreement on December 28, 2010.

44.     The allegations of Paragraph 44 are legal conclusions that do not require a response by the Idaho Commission.   To the extent that a response is required, the Idaho Commission states that the agreements referenced in Paragraph 44 speak for themselves as to their terms, and otherwise denies the allegations of Paragraph 44.

45.      The Idaho Commission admits that, on December 29, 2010, Idaho Power Company submitted the two agreements with the Grouse Creek projects to the Idaho Commission for acceptance or rejection, as required by law.  The Idaho Commission further admits that the Grouse Creek projects requested that the Idaho Commission not serve their complaints filed on November 8, 2010, and thus, the Idaho Commission took no action on the complaints.  The allegations of Paragraph 45 are otherwise denied.

46.     The Idaho Commission admits that it issued Order No. 32257 on June 8, 2011 regarding the two Grouse Creek projects in Case Nos. IPC-E-10-61 and IPC-E-10-62, and the order speaks for itself.  The Idaho Commission otherwise denies the allegations of Paragraph 46, and invites the Court's attention to Order No. 32257 for the contents thereof.

47.     The Idaho Commission admits that it denied the request of the Grouse Creek projects for reconsideration of Order No. 32257 in Order No. 32299, issued July 27, 2011 (Exhibit 2 hereto[4]).   The Idaho Commission avers that the documents and dates of those

---

[4] *In the Matter of the Application of Idaho Power Company for a Determination Regarding a [Power Purchase] Agreement Between Idaho Power and Grouse Creek Wind Park [and] Grouse Creek Wind Park II [(Consolidated)]*, Order No. 32299, Case Nos. IPC-E-10-61 and IPC-E-10-62, 2011 WL 3251284 (PUC).

documents referenced in Paragraph 47 speak for themselves, and otherwise denies the allegations of Paragraph 47.

48.     The Idaho Commission admits that the Grouse Creek projects filed a timely appeal of Order Nos. 32257 and 32299[5] in the Idaho Supreme Court.  The Idaho Commission further admits that, on November 23, 2011, the Idaho Supreme Court granted a stipulated motion to remand that proceeding back to the Idaho Commission for further consideration.  The remaining allegations of Paragraph 48 are denied.

49.     The Idaho Commission admits that, on September 7, 2012, it issued Order No. 32635 (PUC Exhibit 3 hereto[6]) on remand from the Idaho Supreme Court.  The order speaks for itself, and the Idaho Commission otherwise denies the allegations of Paragraph 49.

50.     The Idaho Commission admits that its staff submitted a legal brief in the Idaho Commission's Grouse Creek proceeding on voluntary remand from the Idaho Supreme Court, and the staff's legal brief speaks for itself.  The Idaho Commission otherwise denies the allegations of Paragraph 50.

51.     The allegations of Paragraph 51 are legal conclusions and characterizations as to which no response by the Idaho Commission is required.  The Idaho Commission admits that it issued Order No. 32635 on September 7, 2012, and that order speaks for itself.  To the extent that a response is required, the Idaho Commission invites the Court's attention to the Idaho Commission's Order No. 32635[7] for the content thereof, and otherwise denies the allegations of Paragraph 51.

---

[5] *Id.*

[6] *In the Matter of the Application of Idaho Power Company for a Determination Regarding a [Power Purchase] Agreement Between Idaho Power and Grouse Creek Wind Park [and] Grouse Creek Wind Park II [(Consolidated)]*, Order No. 32635, Case Nos. IPC-E-10-61 and IPC-E-10-62, 2012 WL 3939984 (PUC).

[7] *Id.,* PUC Exhibit 3.

ANSWER, DEFENSES AND
COUNTERCLAIM OF DEFENDANT          13

52.     The Idaho Commission admits that the Grouse Creek projects have amended their appeal to the Idaho Supreme Court to include Order No. 32635 and that the matter is scheduled for oral argument in the Court's August 2013 term.

## FERC'S ALLEGATIONS CONCERNING PROCEEDINGS BEFORE IT

53.     The allegations of Paragraph 53 are legal argument and characterization as to which no response by the Idaho Commission is required.  The Idaho Commission observes that the FERC's conclusions in its four declaratory orders referenced in Paragraph 53 of the Complaint do not fix the rights of the parties, but instead merely advise the parties of the FERC's position, much like a memorandum of law prepared by the FERC staff in anticipation of a possible enforcement action except that the FERC itself formally used the document as its own statement of position.  The Idaho Commission therefore denies the allegations of Paragraph 53.

54.     The allegations of Paragraph 54 are legal argument and characterization as to which no response by the Idaho Commission is required.  The FERC's two declaratory orders referenced in Paragraph 54 of the Complaint do not fix the rights of the parties, but instead merely advise the parties of the FERC's position, much like a memorandum of law prepared by the FERC staff in anticipation of a possible enforcement action except that the FERC itself formally used the document as its own statement of position.  The Idaho Commission therefore specifically denies that the Grouse Creek projects signed the power purchase agreements before December 14, 2010, and otherwise denies the allegations of Paragraph 54.

55.     The allegations of Paragraph 55 are legal argument and characterization as to which no response by the Idaho Commission is required. The FERC's declaratory orders referenced in Paragraph 55 of the Complaint do not fix the rights of the parties, but instead merely advise the parties of the FERC's position, much like a memorandum of law prepared by

the FERC staff in anticipation of a possible enforcement action except that the FERC itself formally used the document as its own statement of position.  The Idaho Commission therefore denies the allegations of Paragraph 55.

### FERC'S ALLEGATIONS CONCERNING ITS MURPHY FLAT NOTICE

56.     The Idaho Commission admits that an entity calling itself Murphy Flat Power, LLC, filed a petition with the FERC on September 25, 2012.  The petition speaks for itself as to its contents, and the allegations of Paragraph 56 are otherwise denied.

57.     The Idaho Commission admits that it and Idaho Power Company filed separate responses in opposition to the petition filed with FERC on September 25, 2012.

58.     The Idaho Commission admits that FERC issued a Notice of Intent to Act and Declaratory Order in *Murphy Flat Power, LLC*, 141 FERC ¶ 61,145 (2012), which speaks for itself as to its contents.  The FERC's declaratory order referenced in Paragraph 58 of the Complaint does not fix the rights of the parties, but instead merely advises the parties of the FERC's position, much like a memorandum of law prepared by the FERC staff in anticipation of a possible enforcement action except that the FERC itself formally used the document as its own statement of position.  The Idaho Commission otherwise denies the allegations of Paragraph 58.

59.     The allegations of Paragraph 59 are legal argument and characterization as to which no response by the Idaho Commission is required.  The Idaho Commission admits that FERC issued a Notice of Intent to Act and Declaratory Order in *Murphy Flat Power, LLC*, 141 FERC ¶ 61,145 (2012), which speaks for itself as to its contents.  The FERC's declaratory order referenced in Paragraph 59 of the Complaint does not fix the rights of the parties, but instead merely advises the parties of the FERC's position, much like a memorandum of law prepared by the FERC staff in anticipation of a possible enforcement action except that the FERC itself

formally used the document as its own statement of position.  The Idaho Commission otherwise denies the allegations of Paragraph 59.

60.    The allegations of Paragraph 60 are legal argument that does not require a response from the Idaho Commission.  To the extent that a response is required, the Idaho Commission states that 18 C.F.R. § 292.304(d) speaks for itself, and otherwise denies the allegations of Paragraph 60.

61.    The allegations of Paragraph 61 are legal argument that does not require a response from the Idaho Commission.  To the extent that a response is required, the Idaho Commission states that 18 C.F.R. § 292.304(d) speaks for itself, and otherwise denies the allegations of Paragraph 61.

62.    The allegations of Paragraph 62 are legal argument that does not require a response from the Idaho Commission.  To the extent that a response is required, the Idaho Commission states that the FERC's preamble to its PURPA regulations, *Small Power Production and Cogeneration Facilities; Regulations Implementing Section 210 of the Public Utility Regulatory Policies Act* (Order No. 69), FERC Stats. & Regs., Regs. Preambles ¶ 30,128 (1980), speaks for itself, and otherwise denies the allegations of Paragraph 62.

63.    The Idaho Commission admits that FERC issued a Notice of Intent to Act and Declaratory Order in *Murphy Flat Power, LLC*, 141 FERC ¶ 61,145 (2012), which speaks for itself as to its contents.  The FERC's declaratory order referenced in Paragraph 63 of the Complaint does not fix the rights of the parties, but instead merely advises the parties of the FERC's position, much like a memorandum of law prepared by the FERC staff in anticipation of a possible enforcement action except that the FERC itself formally used the document as its own statement of position.  The Idaho Commission therefore denies the allegations of Paragraph 63.

64.     In response to the allegations of Paragraph 64, the Idaho Commission admits that according to its orders issued in Case Nos. IPC-E-10-56, IPC-E-10-57 and IPC-E-10-58, representatives of the three Murphy Flat projects and Idaho Power Company had discussions and negotiations in November and December 2010.   The Idaho Commission invites the Court's attention to the Idaho Commission's orders in reference to the Murphy Flat projects (Order Nos. 32255 and 32664)[8], which orders speak for themselves, and denies any allegation inconsistent with said orders.

65.     In response to the allegations of Paragraph 65, the Idaho Commission admits that according to its orders issued in Case Nos. IPC-E-10-56, IPC-E-10-57 and IPC-E-10-58, that Idaho Power Company provided the three power purchase agreements to the Murphy Flat projects on December 13, 2010, and a representative of the projects signed the agreements on the same day.   The Idaho Commission invites the Court's attention to the Idaho Commission's orders in reference to the Murphy Flat projects (Order Nos. 32255 and 32664)[9], which orders speak for themselves, and denies any allegation inconsistent with said orders.

66.     In response to the allegations of Paragraph 66, the Idaho Commission admits that according to its orders (Nos. 32255 and 32664)[10] issued in Case Nos. IPC-E-10-56, IPC-E-10-57 and IPC-E-10-58, Idaho Power Company signed the three agreements on December 15, 2010. The Idaho Commission further admits that according to its orders (Nos. 32131 and 32176)[11] issued in Case No. GNR-E-10-04, the eligibility cap for wind projects seeking published avoided cost rates set by the Idaho Commission was lowered to 100 kilowatts (kW) on December 14,

---

[8] Order No. 32664, PUC Exhibit 1.

[9] Order No. 32664, PUC Exhibit 1.

[10] Order No. 32664, PUC Exhibit 1.

[11] *See supra* ¶¶ 29 n.1 and 30 n.2.

ANSWER, DEFENSES AND
COUNTERCLAIM OF DEFENDANT          17

2010.  The Idaho Commission invites the Court's attention to the Idaho Commission's orders in reference to the Murphy Flat projects (Order Nos. 32255 and 32664)[12] or the eligibility cap on December 14, 2010 (Order Nos. 32131 and 32176),[13] which orders speak for themselves, and denies any allegation inconsistent with said orders.

67.     The Idaho Commission admits that FERC issued a Notice of Intent to Act and Declaratory Order in *Murphy Flat Power, LLC*, 141 FERC ¶ 61,145 (2012), which speaks for itself as to its contents.  The FERC's declaratory order referenced in Paragraph 67 of the Complaint does not fix the rights of the parties, but instead merely advises the parties of the FERC's position, much like a memorandum of law prepared by the FERC staff in anticipation of a possible enforcement action except that the FERC itself formally used the document as its own statement of position.  The Idaho Commission therefore denies the allegations of Paragraph 67.

68.     The allegations of Paragraph 68 are legal argument, to which no response is required from the Idaho Commission.  To the extent that a response is required, the allegations of Paragraph 68 are denied.

69.     The allegations of Paragraph 69 are legal argument, to which no response is required from the Idaho Commission.  To the extent that a response is required, the allegations of Paragraph 69 are denied.

70.     The Idaho Commission admits that FERC declined to consider any of the numerous reasons why it lacked jurisdiction over the Section 210(h) petition filed on behalf the Murphy Flat projects, or was otherwise precluded by law from granting any of the relief sought therein.   The Idaho Commission denies that FERC's disposition of any of the Idaho Commission's grounds for opposing the relief sought in the Section 210(h) petition filed on

---

[12] Order No. 32664, PUC Exhibit 1.

[13] *Supra* ¶¶ 29 n.1 and 30 n.2.

behalf of the Murphy Flat entities was correct or supportable as a matter of fact and law, and otherwise denies the allegations of Paragraph 70.

71.     The Idaho Commission admits that FERC issued a Notice of Intent to Act and Declaratory Order in *Murphy Flat Power, LLC*, 141 FERC ¶ 61,145 (2012), which speaks for itself as to its contents.  The Idaho Commission otherwise denies the allegations of Paragraph 71.

### FERC'S ALLEGATIONS CONCERNING ITS GROUSE CREEK NOTICE

72.     The Idaho Commission admits that Grouse Creek Wind Park, LLC and Grouse Creek Wind Park II, LLC, filed a petition with the FERC on January 15, 2013.  The petition speaks for itself as to its contents, and the allegations of Paragraph 72 are otherwise denied.

73.     Admitted.

74.     The Idaho Commission admits that FERC issued a Notice of Intent to Act and Declaratory Order in *Grouse Creek Wind Park*, *LLC*, 142 FERC ¶ 61,187 (2013), which speaks for itself as to its contents, and otherwise denies the allegations of Paragraph 74.

75.     The Idaho Commission admits that FERC issued a Notice of Intent to Act and Declaratory Order in *Grouse Creek Wind Park*, *LLC*, 142 FERC ¶ 61,187 (2013), which speaks for itself as to its contents, and otherwise denies the allegations of Paragraph 75.

76.     The Idaho Commission admits, upon information and belief, and according to its orders in the four proceedings, that there were negotiations between representatives of the wind projects and the respective electric utilities, and otherwise denies the allegations of Paragraph 76.

77.     Denied.

78.     The allegations of Paragraph 78 are legal argument that does not require a response from the Idaho Commission.  To the extent that a response is required, the allegations of Paragraph 78 are denied.

ANSWER, DEFENSES AND
COUNTERCLAIM OF DEFENDANT          19

79.     The allegations of Paragraph 79 are a mischaracterization of the Idaho Commission's Order No. 32635 (PUC Exhibit 3).  That mischaracterization, *inter alia*, ignores the fact that Order No. 32635 fully evaluated Grouse Creek's contention that it had created a "legally enforceable obligation" and rejected that contention on the merits, without requiring Grouse Creek to have filed or pursued a complaint.  The allegations of Paragraph 79 are therefore denied.

80.     The allegations of Paragraph 80 are legal argument that does not require a response from the Idaho Commission.  The FERC's declaratory order referenced in Paragraph 80 of the Complaint does not fix the rights of the parties, but instead merely advises the parties of the FERC's position, much like a memorandum of law prepared by the FERC staff in anticipation of a possible enforcement action except that the FERC itself formally used the document as its own statement of position.  The Idaho Commission therefore denies the allegations of Paragraph 80.

81.     The allegations of Paragraph 81 are legal argument that does not require a response from the Idaho Commission.  To the extent that a response is required, the allegations of Paragraph 81 are denied.

82.     The allegations of Paragraph 80 are legal argument that does not require a response from the Idaho Commission.  The FERC's declaratory order referenced in Paragraph 82 of the Complaint does not fix the rights of the parties, but instead merely advises the parties of the FERC's position, much like a memorandum of law prepared by the FERC staff in anticipation of a possible enforcement action except that the FERC itself formally used the document as its own statement of position.  The Idaho Commission therefore denies the allegations of Paragraph 82.

83.     The Idaho Commission admits that FERC issued a Notice of Intent to Act and Declaratory Order in *Grouse Creek Wind Park*, *LLC*, 142 FERC ¶ 61,187 (2013), which speaks for itself as to its contents, and otherwise denies the allegations of Paragraph 83.

### FERC'S ALLEGATIONS CONCERNING PURPA VIOLATIONS

84.     The Idaho Commission repeats and re-alleges its responses to Paragraphs 1 through 83 of FERC's Complaint as though fully set forth herein.

85.     Paragraph 85 contains legal conclusions, not allegations of fact.  Section 210(a) of PURPA speaks for itself.  The Idaho Commission denies the characterization set forth in Paragraph 85.

86.     Paragraph 86 contains legal conclusions, not allegations of fact.   FERC's regulations speak for themselves.  The Idaho Commission denies the characterization of 18 C.F.R. § 292.304(d)(2) set forth in Paragraph 86.

87.     The allegations of Paragraph 87 are legal argument that does not require a response from the Idaho Commission.  FERC's PURPA regulations speak for themselves.  To the extent that a response is required, the allegations of Paragraph 87 are denied.

88.     The allegations of Paragraph 88 are legal argument that does not require a response from the Idaho Commission.  To the extent that a response is required, the allegations of Paragraph 88 are denied.

89.     Denied.

90.     Denied.

91.     The allegations of Paragraph 91 are legal argument and a mischaracterization of the Idaho Commission's Order No. 32635 (PUC Exhibit 3). That mischaracterization ignores, *inter alia*, the fact that Order No. 32635 fully evaluated Grouse Creek's contention that it had

created a "legally enforceable obligation" and rejected that contention on the merits, without requiring Grouse Creek to have filed or pursued a complaint.  The allegations of Paragraph 91 are therefore denied.

92.     The allegations of Paragraph 92 are legal argument that does not require a response from the Idaho Commission.  To the extent that a response is required, the allegations of Paragraph 92 are denied.

93.     The allegations of Paragraph 93 are legal argument that does not require a response from the Idaho Commission.  To the extent that a response is required, the allegations of Paragraph 93 are denied.

94.     The allegations of Paragraph 94 are legal argument and a mischaracterization of the Idaho Commission's Order No. 32635 (PUC Exhibit 3).  That mischaracterization ignores, *inter alia*, the fact that Order No. 32635 fully evaluated Grouse Creek's contention that it had created a "legally enforceable obligation" and rejected that contention on the merits, without requiring Grouse Creek to have filed or pursued a complaint.  The allegations of Paragraph 94 are therefore denied.

95.     The Idaho Commission imposes no such requirement.   The allegations of Paragraph 95 are therefore denied.

## II.  DEFENSES

The Idaho Commission states as follows as its defenses against the FERC's Complaint in this proceeding, reserving the right to amend and supplement its defenses as further evidence comes to light in this proceeding:

ANSWER, DEFENSES AND
COUNTERCLAIM OF DEFENDANT          22

**FIRST DEFENSE**

The proceedings before FERC in its Docket No. EL12-108-000 – *Murphy Flat Power, LLC, et al.* and its Docket No. EL13-39-000 – *Grouse Creek Wind Park, LLC, et al.* were barred by the sovereign immunity of the State of Idaho and are a nullity.

**SECOND DEFENSE**

The relief sought by the FERC is barred in whole or in part by the sovereign immunity of the State of Idaho.

**THIRD DEFENSE**

PURPA Section 210(h) (16 U.S.C. § 824a-3(h)) is unconstitutional to the extent that it purports to subject decisions of the Idaho Public Utilities Commission to review by the FERC on the petition of a private party, and to the extent that it purports to authorize private litigants to initiate suit in federal district courts against state utility regulatory commissions.

**FOURTH DEFENSE**

The Court lacks subject matter jurisdiction over FERC's Complaint in this proceeding, which complaint is prohibited by Section 210(h)(2)(A) of PURPA (16 U.S.C. § 824a-3(h)(2)(A)) in that the Idaho Commission has not failed to comply with the requirements of PURPA Section 210(f) (16 U.S.C. § 824a-3(f)).

**FIFTH DEFENSE**

The relief sought in FERC's Complaint is barred by failure of condition precedent or condition subsequent or both.  In particular, and without limiting the generality of this defense, the Murphy Flat projects or persons acting on behalf of the Murphy Flat projects withdrew their interconnection requests to Idaho Power Company and sought and obtained the return of their deposit for interconnection between June and August 2012.

ANSWER, DEFENSES AND
COUNTERCLAIM OF DEFENDANT          23

**SIXTH DEFENSE**

The FERC's Complaint fails to state a claim for which relief can be granted by this Court.

**SEVENTH DEFENSE**

The relief sought by the FERC in its Complaint regarding the Murphy Flat projects is an impermissible collateral attack on a final order of the Idaho Commission, and is barred by *res judicata*, collateral estoppel, issue preclusion, and claim preclusion.

**EIGHTH DEFENSE**

The relief sought by the FERC in its Complaint regarding the Murphy Flat projects is barred by the failure to timely invoke, and the failure to exhaust, applicable administrative remedies.

**NINTH DEFENSE**

The claims asserted in the FERC's Complaint are barred by one or more applicable statutes of limitation.

**TENTH DEFENSE**

Federal-state comity requires this Court to abstain from determining the allegations of FERC's Complaint relating to the Grouse Creek projects, in light of the pendency of their appeal in the Idaho Supreme Court.

**ELEVENTH DEFENSE**

The relief sought by the FERC regarding the Murphy Flat projects is barred by mootness, lack of standing and lack of privity.

## TWELFTH DEFENSE

The relief sought by the FERC regarding the Murphy Flat projects is predicated on failure to give full faith and credit to a final order of the Idaho Commission, and is barred by 28 U.S.C. § 1738.

## III.  COUNTERCLAIM

The Idaho Commission states as follows, pursuant to Federal Rule of Civil Procedure 13, as and for its counterclaim against the Federal Energy Regulatory Commission ("FERC").

## SUMMARY

1.      The Idaho Commission's counterclaim seeks a declaratory judgment, pursuant to 28 U.S.C. § 2201, holding that Section 210(h)(2)(B) of the Public Utility Regulatory Policies Act ("PURPA") (16 U.S.C. § 824a-3(h)(2)(B)) is unconstitutional to the extent that it purports to subject decisions of the Idaho Public Utilities Commission to review by the FERC on the petition of a private party, and to the extent that it purports to authorize private litigants to initiate suit in federal district courts against state utility regulatory commissions.  The authority purportedly conferred on the FERC, and on federal district courts acting at its behest on behalf of private parties, is in derogation of the sovereign immunity of states, including the sovereign immunity of the State of Idaho, under the Constitution of the United States.

## PARTIES

2.      The Idaho Commission is an agency of the State of Idaho, duly formed, organized and existing under *Idaho Code* §§ 61-201 *et seq.*, holding and exercising the authority delegated by the State of Idaho to regulate, *inter alia*, the rates, terms and conditions for the sale of electricity at retail by regulated electric corporations within the State of Idaho.  As part of its statutory powers and duties under Idaho law, the Idaho Commission administers certain elements

ANSWER, DEFENSES AND
COUNTERCLAIM OF DEFENDANT          25

of the Public Utility Regulatory Policies Act ("PURPA"), including in relevant part rules imposed pursuant to Section 210(f) of PURPA (16 U.S.C. § 824a-3(f)), that affect the costs and rates of regulated electric utilities serving at retail within the State of Idaho.

3.     The FERC is an agency of the United States, originally formed and organized under Section 1 of the Federal Power Act (16 U.S.C. §§ 791a-828c (the "FPA"), § 792) as the Federal Power Commission.   In 1977, the Federal Power Commission was abolished and its functions, personnel, property, funds, and other attributes were transferred to the Secretary of Energy, with the exception of certain functions, which were transferred to the Federal Energy Regulatory Commission, pursuant to the Department of Energy Organization Act (Act Aug. 4, 1977, P.L. 95-91, 91 Stat. 565).   In particular, provisions of the Department of Energy Organization Act that transferred functions relevant to this counterclaim to the FERC may be found at 42 USCS §§ 7151(b), 7171(a) and 7172(a).   The FERC is delegated the authority to formulate regulations under PURPA by Section 210(a) of PURPA (16 U.S.C. § 824a-3(a)) and to enforce its regulations against, *inter alia*, state regulatory commissions, under Section 210(h) of PURPA (16 U.S.C. § 824a-3(h)).

## JURISDICTION AND VENUE

4.     This Court has jurisdiction over this counterclaim under 28 U.S.C. § 1331, which invests the district courts of the United States with "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

5.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(e)(1), inasmuch as the Idaho Commission is resident in this judicial district.

## FACTS

6.     PURPA Section 210(f)(1) provides that "Beginning on or before the date one year after any rule is prescribed by the Commission under subsection (a) or revised under such subsection, each State regulatory authority shall, after notice and opportunity for public hearing, implement such rule (or revised rule) for each electric utility for which it has ratemaking authority."

7.     PURPA Section 210(h)(2)(A) provides in relevant part that:  "The Commission may enforce the requirements of subsection (f) against any State regulatory authority. . . .  For purposes of any such enforcement, the requirements of subsection (f)(1) shall be treated as a rule enforceable under the Federal Power Act.  For purposes of any such action, a State regulatory authority . . . shall be treated as a person within the meaning of the Federal Power Act."

8.     PURPA Section 210(h)(2)(B) provides in relevant part that:  "Any electric utility, qualifying cogenerator, or qualifying small power producer may petition the Commission to enforce the requirements of subsection (f) as provided in subparagraph (A) of this paragraph.  If the Commission does not initiate an enforcement action under subparagraph (A) against a State regulatory authority . . . within 60 days following the date on which a petition is filed under this subparagraph with respect to such authority, the petitioner may bring an action in the appropriate United States district court to require such State regulatory authority . . . to comply with such requirements, and such court may issue such injunctive or other relief as may be appropriate."

9.     The State of Idaho has not waived its sovereign immunity with respect to PURPA Section 210(h).

ANSWER, DEFENSES AND
COUNTERCLAIM OF DEFENDANT          27

10.     On five occasions since August 1, 2011, the FERC has entertained petitions by developers of Idaho energy projects denominated as "qualifying facilities" (QFs) under PURPA, invoking the authority of PURPA Section 210(h)(2)(B).

12.     On two of those occasions, the FERC declined to initiate an action in district court, but opined that the Idaho Commission had taken action "inconsistent with" FERC's PURPA regulations and concluded that the QF developer "thus may bring its own enforcement action against the Idaho PUC in the appropriate court." *Cedar Creek Wind, LLC*, 137 FERC ¶ 61,006 at PP 29, 30-41 (2011); *Rainbow Ranch Wind, LLC*, 139 FERC ¶ 61,077 at PP 22, 23-27 (2012). On a third occasion, the FERC declined to act, did not explore the merits of the conflicting viewpoints between the QF developer and the Idaho Commission, and nonetheless stated that "Our decision not to initiate an enforcement action means that the Petitioner may bring an enforcement action against the Idaho Commission in the appropriate court." *Interconnect Solar Development, LLC*, 143 FERC ¶ 61,112 (2013) (footnote omitted).

13.     On two other occasions, the FERC determined to initiate its own enforcement action in district court, for the first time since the enactment of PURPA in 1978. *Murphy Flat Power, LLC*, 141 FERC ¶ 61,145 at P23 (2012); *Grouse Creek Wind Park, LLC*, 142 FERC ¶ 61,187 at P 35 (2013). The FERC accompanied each of these announcements with a set of "findings" on which it apparently intends to rely in the district court enforcement action to which this counterclaim responds. *Murphy Flat Power, LLC*, *supra*, 141 FERC ¶ 61,145 at PP 24-29; *Grouse Creek Wind Park, LLC*, *supra*, 142 FERC ¶ 61,187 at PP 36-42.

## FIRST CAUSE OF ACTION
### (Declaration Holding PURPA Section 210(h)(2)(B) Unconstitutional)

14.     The Idaho Commission restates and re-alleges the allegations of Paragraphs 1 through 13 above as though fully set forth herein.

15.     Administrative agencies of the United States that derive their powers from Congressional enactments under Article I of the Constitution do not have the authority to entertain administrative claims brought by private parties against a State.

16.     PURPA is an exercise of Congress's power to regulate commerce among the several states, pursuant to Article I, Section 8, clause 3 of the Constitution.

17.     PURPA Section 210(h)(2)(B) attempts to invest the FERC with authority to entertain petitions by private parties to the effect that a state regulatory commission has acted inconsistently with the requirements of PURPA, and further attempts to authorize private parties to bring suit against state regulatory commissions in federal district court if the FERC declines to do so.

18.     Both of the grants of authority described in Paragraph 17 above are inconsistent with, and precluded by, the reservation of the sovereign immunity of the States in ratifying the Constitution.

19.     The Idaho Commission requests that the Court declare, pursuant to 28 U.S.C. § 2201 *et seq.*, that PURPA Section 210(h)(2)(B) is unconstitutional in the respects described in Paragraphs 17 and 18 above.

WHEREFORE, the Idaho Commission respectfully requests that the Court enter an order:

1.     Dismissing the FERC's Complaint with prejudice, and denying all relief sought in that Complaint;

2.     Awarding the Idaho Commission its costs of defending this action, including its reasonable attorneys' fees;

3.     Declaring, pursuant to 28 U.S.C. § 2201, that PURPA Section 210(h)(2)(B) is unconstitutional to the extent that it attempts to invest the FERC with authority to entertain

petitions by private parties to the effect that a state regulatory commission has acted inconsistently with the requirements of PURPA, and to the extent that it attempts to authorize private parties to bring suit against state regulatory commissions in federal district court if the FERC declines to do so; and

4.     Granting the Idaho Commission such other and further relief as may be necessary, just and appropriate in the circumstances.

DATED this 21st day of May 2013.

STATE OF IDAHO
IDAHO PUBLIC UTILITIES COMMISSION

By   *Donald L. Howell, II*
    Donald L. Howell II (ISB #3366)
    Deputy Attorney General

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this   21st   day of May 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following person:

Holly Elizabeth Cafer
holly.cafer@ferc.gov
Robert H. Solomon
robert.solomon@ferc.gov
*Attorneys for Plaintiff*

Celeste K. Miller
ck@mcdevitt-miller.com
Charles F. McDevitt
chas@mcdevitt-miller.com
Dean J. Miller
joe@mcdevitt-miller.com
*Attorneys for Applicant: Intervenor Plaintiffs (Rainbow Ranch Wind)*

Thomas A. Banducci
tab@andersenbanducci.com
Brendan J. Peters
bpeters@perkinscoie.com
Jason T. Kuzma
jkuzma@perkinscoie.com
Adam J. Richins
arichins@idahopower.com
*Attorneys for Applicant: Intervenor Defendant (Idaho Power Company)*

     /s/ *Donald L. Howell, II*
DONALD L. HOWELL, II
Deputy Attorney General